UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:

SERVO CORPORATION OF AMERICA, INC.,

                Debtor.

Chapter 7
Case No. 12-76993-AST

------------------------------------------------------------------x
Allan B. Mendelsohn, as Chapter 7 Trustee
of the estate of Servo Corporation of America, Inc.,

                Plaintiff,

   -against-

Stephen A. Barre and Charles S. Holmes,

               Defendants.

Adv Pro No. 14-8048-AST

------------------------------------------------------------------x

## **ADVERSARY PRETRIAL SCHEDULING ORDER**

     The Court enters this Order in accordance with Federal Rule of Civil Procedure 16, as incorporated by Federal Rule of Bankruptcy Procedure 7016.

**Trial Date and Time Limits:**

1. Trial in the above matter is scheduled for **May 12, and May 13, 2015 at 9:30 a.m.** Plaintiff will be given **four (4) hours**, and the Defendants will each be given **three (3) hours** to present all argument and evidence. The Plaintiff may reserve a portion of this time for rebuttal.

**Discovery:**

2. Discovery shall be completed as follows, unless the Court, upon appropriate motion and/or consideration of the discovery plan, alters the time and/or manner of discovery:

    Fact discovery will conclude on or before **February 13, 2015**;

    Plaintiff will provide expert disclosures and expert reports to all parties in accordance with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, as incorporated by Rule 7026 of the Federal Rules of Bankruptcy Procedure, on or before **February 13, 2015**;

    Discovery of Plaintiff's expert(s) will conclude on or before **March 13, 2015**;

Defendants will provide expert disclosures and expert reports to all parties in accordance with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, as incorporated by Rule 7026 of the Federal Rules of Bankruptcy Procedure, on or before **March 13, 2015**;

Discovery of Defendants' expert(s) will conclude on or before **April 7, 2015**;

Counsel are reminded that all discovery motions must be accompanied by a certification that the moving party has made a reasonable good faith effort to reach an agreement with the opposing party on the matter that is the subject of the motion.

**Direct Testimony by Affidavit:**

3. The parties shall submit any direct testimony from themselves and any witness under their control (including experts) by Affidavit signed by the witness(es). Affidavits shall be filed with the Court no later than **April 28, 2015**; copies of the filed Affidavits shall be served upon the opposing party(or parties) by facsimile, electronic mail, or first class mail simultaneously with the filing of same with the Court. Any witness for whom an Affidavit of direct testimony has been filed must appear at the trial for cross-examination.

    Any objection to any portion of a witness affidavit, including evidentiary objections, shall be filed no later than **May 1, 2015.**

    Nothing contained herein, however, shall limit the applicability of Rule 7032 of the Federal Rules of Bankruptcy Procedure.

**Joint Pretrial Memorandum and Pretrial Submissions:**

4. The parties are ordered to file, on or before **April 28, 2015**, a Joint Pretrial Memorandum approved by all counsel and unrepresented parties, which shall set forth the following:

    (A) The name, address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises, and identifying those witnesses for whom an affidavit of direct testimony has been filed;

    (B) A list of witnesses whose testimony is expected to be presented by means of a deposition and, if taken stenographically, a transcript of the pertinent portions of the deposition testimony;

(C) A list of witnesses intended to be called as experts along with a summary of their qualifications, together with any statement(s) as to an objection to their qualification, and identifying those expert witnesses for whom an affidavit of direct testimony has been filed;

(D) An appropriate identification (prenumeration) of each document or other exhibit, including witness affidavits, other than those to be used for impeachment or rebuttal, in the sequence in which they will be offered, including summaries of other evidence, separately identifying those exhibits which the party expects to offer and those which the party may offer if the need arises;

(E) A statement of any objection, together with the grounds therefor, reserved as to the admissibility of a deposition designated by another party and/or to the admissibility of documents or exhibits. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown;

(F) A statement confirming that the parties have exchanged copies of the exhibits, other than those to be used for impeachment or rebuttal, no less than **seven (7) days** prior to filing the Joint Pretrial Memorandum; and

(G) Facts which are admitted and require no proof.

(H) Questions of fact to be determined by the Court at trial.

(I) Issues of law to be decided by the Court at trial.

5. The parties may each file briefs and submit proposed findings of fact and conclusions of law contemporaneous with the filing of the Joint Pretrial Memorandum.

6. Parties shall bring sufficient copies of all exhibits to Court for trial so that a copy is available for the Courtroom Deputy, the witness and each counsel. The parties shall provide one (1) additional set of exhibits in hard copy, and two (2) additional sets on a CD rom, flash drive or other media to Chambers no less than **three (3) business days** prior to trial. Exhibits shall be assembled in notebooks tabbed with appropriate exhibit numbers (Plaintiff shall designate its exhibits using numbers and Defendants shall designate their exhibits using letters).

**Dispositive Motions:**

7. Any dispositive motions must be filed on or before **March 13, 2015** or the relief sought in such motions shall be deemed to have been waived. The Court may rule on any dispositive motions at or prior to the final pretrial conference.

8. Pleadings filed in accordance with this Order shall be filed as editable text, and shall **not** be filed as scanned images.

**Final Pretrial Conferences:**

9. A *final* pretrial conference is scheduled for **February 3, 2015, at 2:00 p.m.** in Courtroom 960, United States Bankruptcy Court, 290 Federal Plaza, Central Islip, New York.

**Sanctions for Non-Compliance:**

10. Failure to strictly comply with any of the provisions of this Order may result in the automatic entry of a dismissal, sanctions, a default, or other relief as the circumstances warrant, in accordance with Federal Rule of Civil Procedure 16, as incorporated by Federal Rules of Bankruptcy Procedure 7016 and 9014.



**Dated: December 22, 2014**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**