```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:                                                              Chapter 7

Servo Corporation of America, Inc.,                                 Case No. 12-76993-ast

                                Debtor.
-----------------------------------------------------------------X
Allan B. Mendelsohn, as Chapter 7 Trustee of the                    Adv. Pro. No. 14-08048-ast
Estate of Servo Corporation of America, Inc.,

                                Plaintiff,

            -against-

Stephen A. Barre and Charles S. Holmes,

                                Defendants.
-----------------------------------------------------------------X
```

## DECISION AND ORDER GRANTING IN PART PLAINTIFF'S REQUEST TO EXTEND TIME TO CONDUCT DISCOVERY AND FILE DISPOSITIVE MOTIONS

**Background and Procedural History**

On March 10, 2014, the plaintiff, Allan B. Mendelsohn, as Chapter 7 Trustee (the "Plaintiff" or "Trustee") of the estate of Servo Corporation of America, Inc. ("Debtor"), commenced the above-captioned adversary proceeding against the defendants, Stephen A. Barre ("Barre") and Charles S. Holmes ("Holmes" and collectively, the "Defendants"), by the filing of a complaint (the "Complaint").

In the Complaint, the Plaintiff alleged six causes of action against Barre, Debtor's purported 50% shareholder and sole director, seeking to avoid and recover transfers of the Debtor's assets pursuant to 11 U.S.C. §§ 105, 502(d), 510, 541, 542, 544(b), 547, 549, 550 and 551, the New York State Business Corporation Law §§ 510, 513, 520, 713, 714, 715, 717, 719 and 720, the Delaware General Corporation Law §§ 160, 170, 173 and 174, and Rules 6009 and

7001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). Plaintiff also asserted one cause of action against Holmes, Debtor's other purported 50% shareholder, for the same violations of the provisions of the New York State Business Corporation Law that were asserted against Barre.

On April 28, 2014, Holmes filed an answer to the Complaint. [dkt item 4]

On May 21, 2014, Barre filed an answer to the Complaint in which he asserted a demand for a trial by jury. [dkt item 9]

On July 28, 2014, the parties filed a joint discovery control plan (the "JDCP"). [dkt item 15]

On September 26, 2014, the Court issued an Adversary Pre-trial Scheduling Order (the "Pre-trial Order"). [dkt item 18] Consistent with the parties' JDCP, the Pre-trial Order set a deadline for all fact discovery to conclude by November 28, 2014, and scheduled a pre-trial conference for December 2, 2014, at 2:00 p.m.

On October 6, 2014, Barre withdrew his demand for a jury trial. [dkt item 21]

On December 2, 2014, the Court held a pre-trial conference at which all of the parties appeared. Based upon Barre's withdrawal of his jury demand and for the reasons more fully stated on the record of the conference, the Court directed the parties to file an amended JDCP by December 16, 2014.

On December 9, 2014, the parties filed an amended JDCP in which, among other things, the parties agreed to a fact discovery cut-off date of February 13, 2015, a dispositive motion deadline of February 27, 2015, and a trial date after March 30, 2015 (the "Amended JDCP"). [dkt item 24]

On December 22, 2014, consistent with the Amended JDCP, the Court issued an amended Adversary Pre-trial Scheduling Order (the "Amended Pre-trial Order"). [dkt item 26] The Amended Pre-trial Order set a deadline for all fact discovery to conclude by February 13, 2015, for dispositive motions to be filed by March 13, and scheduled a final pre-trial conference for February 3, at 2:00 p.m. The Amended Pre-trial Order set May 12 and May 13 as the trial dates, and allocated four hours of trial time to Plaintiff and three hours for each Defendant.

On February 3, the Court held a final pre-trial conference. Plaintiff and Holmes each appeared by their counsel; Barre did not appear. Plaintiff announced that Barre had agreed to consent to the entry of a judgment in Plaintiff's favor. Plaintiff then made an oral application to extend the February 13 discovery deadline by two weeks so that he could proceed with certain depositions scheduled for February 25 and 26. Holmes objected. At the conclusion of the conference, the Court directed Plaintiff to file a letter by February 5 outlining his reasons for seeking an extension. Holmes was given until February 10 to file a response, after which the Court would take the matter on submission.

On February 5, Plaintiff filed a letter requesting a two-week extension of the fact discovery deadline so that he could depose two former officers and a former board member of the Debtor on February 25 and 26 (the "Extension Request"). [dkt item 27] Plaintiff asserts that cause exists to extend the deadline for the following reasons: (1) Plaintiff has previously consented to Holmes' numerous requests for extensions of time, but Holmes has refused to extend the same professional courtesy; (2) Holmes delayed in responding to document demands for several months (from August 2014 to October 2014); (3) Holmes has not yet reviewed and returned his deposition transcript, despite Holmes having been served with the transcript on

3

November 14, 2014, and notwithstanding Holmes' obligation under Rule 30(e) of the Federal Rules of Civil Procedure ("Rules") to review and return the transcript within thirty days; (4) the Trustee is not seeking an adjournment of the trial date and has consented to a corresponding extension of the time to file dispositive motions, such that an extension of the discovery deadline would not prejudice Holmes; and (5) the Trustee believes that the prospective deponents have personal knowledge of the claims asserted against Holmes and may be essential to the Trustee's trial preparations.  Plaintiff also advised the Court that he had engaged in settlement negotiations with Holmes but that those negotiations did not result in a settlement.[1]

On February 9, Holmes filed an objection to Plaintiff's Extension Request.  [dkt item 29] Holmes contends that the extension is not a matter of extending a professional courtesy to complete outstanding discovery but rather a "last-minute request" which "seems to be the Trustee's retribution for Mr. Holmes' refusal to pay an exorbitant unreasonable settlement amount."  Holmes further contends, *inter alia*, that he has indisputably demonstrated to Plaintiff that he should prevail in the litigation, and that Plaintiff's delay in conducting discovery is a result of Plaintiff's litigation strategy to negotiate with and settle the claims against Barre rather than pursue discovery in earnest, a choice which should not alter the Court's schedule.  In addition, Holmes states that he was contacted by one of the prospective deponents, who would be unavailable to appear for a deposition until the week of March 9.  Holmes does not address his alleged failure to timely respond to Plaintiff's document requests or to review and return his deposition transcript.

---

[1] On February 9, Plaintiff filed a proposed stipulation between Plaintiff and Barre in which Barre consented to entry of judgment against him in the sum of $396,027.01, the amount alleged in the Complaint.  [dkt item 28]

On February 10, Plaintiff filed a reply, in which he states that he was unaware of the deponent's scheduling conflict and would be willing to reschedule his examination to a later date. [dkt item 30] Attached to the reply is a proposed further amended pre-trial scheduling order that would extend fact discovery for a month beyond the previous discovery cut-off, until March 16, and extend the dispositive motion deadline to March 31.[2]

**Discussion**

Rule 16(b)(1), as incorporated by Bankruptcy Rule 7016, mandates that a federal court issue a pre-trial scheduling to control the proceedings before it. Rule 16(b)(3) provides that a scheduling order "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." FED. R. CIV. P. 16(b)(3)

Once the court has issued a scheduling order, Rule 16 requires that the party seeking to modify the pretrial schedule demonstrate "good cause" and obtain the court's consent to the modification. FED. R. CIV. P. 16(b)(4). "Whether good cause exists turns on the diligence of the moving party." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotation marks and citations omitted). Stated differently, the moving party must demonstrate that "the deadline cannot reasonably be met despite the diligence of the party seeking the extension." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). Moreover, if the moving party has had a sufficient opportunity to obtain the evidence sought during the discovery period, an extension should not be granted. *Wingates, LLC v. Commonwealth Ins. Co. of Am.*, 21 F. Supp. 3d 206, 215 (E.D.N.Y. 2014) (collecting cases). The court may also consider other relevant

---

[2] On February 11 and 12, 2015, the Court approved the stipulation between Plaintiff and Barre and entered judgment in Plaintiff's favor. [dkt items 31, 32]

factors, including whether the nonmoving party will suffer prejudice by the modification. *See Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

Here, the Court finds that Plaintiff has established good cause for a two-week extension of the February 13 discovery deadline set out in the Amended Pre-Trial Order. Holmes did delay in producing documents and in reviewing and returning his deposition transcript. Although Plaintiff has not specifically demonstrated how these delays precluded him from conducting the depositions he now seeks within the time agreed by the parties and ordered by the Court, a two-week extension of the discovery deadline and a corresponding extension of the dispositive motion deadline would not be prejudicial to Holmes or disruptive to the Court's oversight of this adversary; however, any further extensions would be.

Bankruptcy Rule 7056 provides that, as a general rule, summary judgment motions should be filed at least 30 days before the initial date set for trial:

> Rule 56 F.R.Civ.P. applies in adversary proceedings, except that any motion for summary judgment must be made at least 30 days before the initial date set for an evidentiary hearing on any issue for which summary judgment is sought, unless a different time is set by local rule or the court orders otherwise.

FED. R. BANKR. P. 7056. The initial deadline for dispositive motions set by this Court was 60 days before the trial.[3] With only the sole claim now remaining against Holmes, dispositive motions in this case should be filed no later than 45 days before trial, so as to allow the Court adequate time to make a meaningful review of such a motion(s) and any response(s) thereto. Because a response would not be due until 21 days after filing and service of the Motion, further truncating the motion deadline would unduly shorten this Court's review time while it is

---

[3] As part of its case management practices, this Court generally requires dispositive motions to be filed no less than 60 days before trial.

otherwise preparing for the trial.[4] Thus, with trial set for May 12, dispositive motions should be filed by March 27.

Therefore, while Plaintiff has established good cause for a two (2) week extension of time to conduct depositions, and for either side to file dispositive motions, good cause has not been demonstrated to further extend either period, and to do so would be disruptive to this Court's management of this adversary proceeding.

Based thereon, it is hereby

**ORDERED**, that pursuant to Rule 16(b)(4) the Court finds good cause for and consents to a two week extension of the deadlines to conduct fact discovery and to file dispositive motions; and it is further

**ORDERED**, that fact discovery shall conclude on or before **February 27, 2015**; and it is further

**ORDERED**, that any dispositive motions must be filed on or before **March 27, 2015** or the relief sought in such motions shall be deemed to have been waived; and it is further

**ORDERED**, that, because Barre is no longer a defendant in this adversary proceeding, the trial date and time limits shall be modified as follows:

> Trial in the above matter is scheduled for **May 12, 2015 at 9:30 a.m.;**
> Plaintiff will be given three **(3) hours** and Holmes will be given **three (3) hours** to present all argument and evidence. The Plaintiff may reserve a portion of this time for rebuttal; and it is further

---

[4] The undersigned's published procedures provide that a response to a summary judgment motion shall be due twenty-one (21) days after the date of filing plus any extension of time pursuant to Bankruptcy Rule 9006 or E.D.N.Y. Local Bankruptcy Rule 9006-1. *See* http://www.nyeb.uscourts.gov/judge-trusts-procedures.

**ORDERED**, that all other deadlines set forth in the Court's Amended Pre-trial Order shall remain in effect.



**Dated: February 20, 2015**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**